11-4912-pr
Ocasio v. Conway

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand twelve.

PRESENT: DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
            Circuit Judges,
        PAUL G. GARDEPHE,
            District Judge.*

- - - - - - - - - - - - - - - - - - - -x

OMAR OCASIO,
        Plaintiff-Appellant,

        -v.-                    11-4912-pr

JAMES CONWAY, Superintendent Attica Correctional Facility, et al.,
        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:    Omar Ocasio, pro se, New York, New York.

FOR DEFENDANTS-APPELLEES:    Barbara D. Underwood, Solicitor General, Denise A. Hartman, Martin A. Hotvet, Assistant Solicitors General, for Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

---

    * The Honorable Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Larimer, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Omar Ocasio, proceeding <u>pro se</u>, appeals from the district court's judgment entered November 2, 2011, dismissing his complaint. The district court granted defendant-appellee Kelly Konesky's motion for summary judgment, dismissing Ocasio's complaint, in a decision and order entered November 1, 2011. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we reject Konesky's argument that we lack jurisdiction because Ocasio's notice of appeal failed to designate the judgment or order being appealed. Although Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires that a notice of appeal "designate the judgment, order, or part thereof being appealed," our appellate jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notices of appeal." <u>New Phone Co. v. City of New York</u>, 498 F.3d 127, 131 (2d Cir. 2007). Moreover, <u>pro se</u> filings are to be interpreted to raise the "strongest arguments that they suggest." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 476 (2d Cir. 2006) (per curiam) (citations and internal quotation marks omitted).

Here, Ocasio's intent to appeal from the judgment dismissing his complaint can be inferred from his filing of the notice of appeal fifteen days after entry of the judgment.[1] Accordingly, we have appellate jurisdiction to consider the district court's judgment dismissing the complaint and the underlying decision and order granting summary judgment.

We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Nonetheless, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

In his appellate brief, Ocasio does not point to any claims of error by the district court. Instead, he merely makes generalized statements that the district court's review of his

---

[1]     Although Ocasio mentions in his brief orders entered in May 2010 and July 2010 by the district court, nothing in his notice of appeal can be reasonably construed as expressing an intent to appeal from those earlier decisions.

-3-

claims was inadequate.  A review of the record reveals, however, that the district court properly granted summary judgment.

Accordingly, we **AFFIRM** the district court's judgment for substantially the reasons stated in its decision and order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk